UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY (NJ) LLC,<br><br>　Plaintiff,<br><br>　vs.<br><br>NALLY JEWELS INC., d/b/a NALLY JEWELS, ADELINA NALBANDIAN, and HOVIK NALBANDIAN,<br><br>　Defendants. | Case No.: 1:23-cv-03631-(DLC)<br><br>Electronically Filed |

**IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for the undersigned, that the following Stipulated Protective Order ("Order") shall govern the handling of documents, depositions, deposition exhibits, and other written, recorded or graphic matter, including any information contained therein (hereinafter sometimes referred to as "Discovery Material"), produced or exchanged during discovery in this action by any party, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order.

1. Definitions

　　a.　"Action" means the lawsuit bearing the caption and docket number set forth above.

　　b.　"Confidential Information" means Information designated "Confidential" pursuant to the terms of this Order and shall include Information containing trade secrets, proprietary business information, competitively sensitive information or other non-public information the disclosure of which would, in the good faith judgment of the Designating

1

Party, be detrimental to the conduct of that Party's business or the business of that Party's customers or clients.

c. "Designating Party" means a Party or Third-Party marking Information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to this Order.

d. "Highly Confidential" Information means highly sensitive business or personal information the disclosure of which is highly likely to cause significant harm to an individual of to the business or competitive position of the Designating Party. Any Party or Third Party producing Highly Confidential Information shall mark same as "Highly Confidential — Attorneys' Eyes Only".

e. "Information" means documents; discovery responses, including documents produced pursuant to discovery requests; papers filed with the Court, including exhibits and attachments; the characteristics and appearance of objects produced for inspection, and deposition testimony and exhibits or documents shown to the deponent, to the extent such Information is not already in the public domain.

f. "Attorneys" shall mean any attorneys representing any of the Parties relating to this Action, including but not limited to internal counsel directly working on this Action, and trial counsel, regardless of whether they have entered an appearance in this Action. Attorneys shall also include other members, partners, shareholders, associate attorneys, paralegals, staff, employees and outside vendors (such as copying services, ESI services, translators and interpreters) of such Attorneys' law firms who need to know Confidential or Highly Confidential Information.

g. "Order" means this Stipulated Protective Order.

  h. "Party" or "Parties" means any of the Plaintiff or Defendants, individually or collectively.

  i. "Third Party" means any non-party subject to the terms of this Order. A Third Party will become subject to the terms of this Order by signing Exhibit A attached to this Order.

  j. In the case when any Party or Third Party is a corporation or other business entity, Party or Third Party shall include business representatives of the Party or Third Party who have a need to participate in this Action.

  2. This Order shall control the use of Information designated Confidential or Highly Confidential in this Action from the date of this Order until this case's conclusion, including all appeals. The Parties reserve the right to enter into a further stipulation hereafter, to identify other categories of documents or information subject to this Order, or to seek different treatment of documents identified by the Parties' as "Confidential" or "Highly Confidential —Attorneys' Eyes Only" by motion. The Parties agree that the Court shall retain continuing jurisdiction during the balance of this Action and after its conclusion to enforce this Order.

  3. Any Party or Third Party may designate any Information as "Confidential" or "Highly Confidential —Attorneys' Eyes Only": any Information it produces that in the good faith judgment of the Designating Party is consistent with the above definitions of such Information. Except with the prior written consent of the Designating Party, or as provided in this Order, or as may be subsequently ordered by the Court, Confidential Information and Highly Confidential Information shall be used solely for purposes of the prosecution or defense of this Action, and may not be disclosed by a non-Designating Party to any person except as described herein.

4. Manner of Designation. The designation of Confidential or Highly Confidential Information shall be made by the Designating Party in the following manner:

   a. Information produced or generated by a Designating Party shall, if appropriate, be designated as "Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential Information with the legend: "CONFIDENTIAL."

   b. In the case of interrogatory answers and responses to requests for admissions, if appropriate, designation of Confidential information shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "Confidential." The following legend shall be placed on each page of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION."

   c. In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record during the deposition by counsel for the party or witness producing such information, or by letter from such counsel within fifteen (15) days of receipt of the deposition transcript or copy thereof. All deposition testimony shall be considered "Highly Confidential —Attorneys' Eyes Only" for fifteen (15) days after the transcripts are received, within which time a party may designate portions of the transcript as "Confidential" or "Highly Confidential —Attorneys' Eyes Only".

4

    d.    The designation of Highly Confidential Information shall follow the manner prescribed for Confidential Information set forth above except that such Information shall be designated "Highly Confidential - Attorneys' Eyes Only" and marked with the legend "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".

    e.    The burden of establishing confidentiality shall always remain with the Party or Third Party claiming that the Information is confidential.

5.    Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in this Action shall be held in confidence and shall not be used, reproduced, distributed, transmitted, disclosed, transferred, decompiled or disassembled, directly or indirectly, in any form, by any means, or for any purpose other than to assist counsel of record in the prosecution, defense, or settlement of this Action.

6.    A Party may at any time challenge the propriety of a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation. In the event a Party objects to the designation of any material under this Order, the objecting party shall consult with the Designating Party to attempt to resolve their differences. If the Parties are unable to reach an accord as to the proper designation of the material, after giving notice to the Designating Party, the objecting party may apply to the Court for a ruling that the material shall not be so designated. If such a motion is made, the Designating Party has the burden of establishing that the designation is proper. If no such motion is made, the material will retain its designation. Any documents or other materials that have been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be treated as such until such time as the Court rules that these materials should not be treated as such.

7. Documents designated as "Confidential" shall not be made available or disclosed other than to the following:

    a. The Parties and their employees to the extent necessary for the preparation of this case for trial, settlement, appeal, or collection of a final unappealable or un-appealed award or judgment;

    b. Attorneys for any party to this litigation, including any internal counsel at any Party and any attorney of a law firm designated as attorneys of record, paralegals, assistants, and clerical staff working with such attorneys, regardless of whether they have entered an appearance, and contractors providing services to such attorneys, such as copying services and discovery vendors.

    c. Consultants or experts and their respective employees retained for the purpose of assisting counsel of record in this litigation, subject to Paragraph 9 below.

    d. Witnesses during depositions and trial testimony, subject to Paragraph 9 below.

    e. Any person who is indicated on the face of a document to have been the author, addressee or recipient thereof, or is employed by the party who produced the information, document or thing.

    f. The Court, the Court's staff, and other persons associated with the Court for the purpose of assisting the Court in this action;

    g. Stenographic professionals and/or court reporters and interpreters;

    h. Any other person designated by written agreement between the Parties or producing Third Parties or by subsequent order of the Court after reasonable notice to all parties and producing non-parties, in accordance with the provisions of paragraph 9.

8. Documents designated as "Highly Confidential – Attorneys' Eyes Only" shall not be made available or disclosed other than to the following:

    a. Attorneys for any party to this litigation, including internal counsel at any Party and any attorney of a law firm designated as attorneys of record, paralegals, assistants, and clerical staff working with such attorneys, regardless of whether they have entered an appearance, and contractors providing services to such attorneys, such as copying services and discovery vendors.

    b. Consultants or experts and their respective employees retained for the purpose of assisting counsel of record in this litigation, subject to Paragraph 9 below.

    c. Witnesses during depositions and trial testimony, subject to Paragraph 9 below.

    d. Any person who is indicated on the face of a document to have been the author, addressee or recipient thereof, or is employed by the party who produced the information, document or thing.

    e. The Court, the Court's staff, and other persons associated with the Court for the purpose of assisting the Court in this action;

    f. Stenographic professionals and/or court reporters and interpreters;

    g. Any other person designated by written agreement between the parties or producing non-parties or by subsequent order of the Court after reasonable notice to all parties and producing non-parties, in accordance with the provisions of paragraph 9.

9. In no event shall any Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" be disclosed to any person designated in paragraph 8(b), (c) and/or (g) of this Order until that person has executed a written, dated declaration in the form

7

attached as Exhibit A, acknowledging that he or she has received and read a copy of this Order and agreeing to be bound by its terms.

10. Any such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender.

11. All Information designated Confidential or Highly Confidential filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Information designated Confidential or Highly Confidential, shall be filed under seal with the Clerk of the Court in accordance with the relevant rules and procedures of the Court and kept under seal until further order of the Court. All materials filed under seal shall be available to the Court, and to counsel for the parties that have agreed to this Order, for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not Information designated Confidential or Highly Confidential and need not be preserved under seal. Redacted pages shall be filed in the public record. The parties will use their reasonable best efforts to minimize the filing of documents and other materials under seal.

12. Nothing herein shall be construed as a waiver of the right of any Party to object to the admissibility of any evidence where such objection is based on a ground or grounds other than that the evidence involves Confidential or Highly Confidential Information, and nothing herein shall be construed as an agreement that any Confidential or Highly Confidential Information shall be withheld from or excluded from evidence in this Action.

13. Any Party serving a subpoena from the date of this Order forward shall include a copy of this Order. Third Parties receiving a subpoena in this Action may avail themselves of the

8

protections of this Order to the extent Information responsive to a subpoena constitutes or contains Confidential or Highly Confidential Information.

14. Non-waiver of Privilege; Inadvertent Disclosure: This Order does not constitute a waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege, protection, law, or regulation. Furthermore, in discovery in this lawsuit, the parties have agreed that they do not intend to disclose information subject to a claim of attorney-client privilege or attorney work product protection.

    a. If a party (the "Disclosing Party") inadvertently discloses privileged or work product information (the "Inadvertently Disclosed Information"), such disclosure will not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product immunity that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter in this litigation or in any other federal or state proceeding. In no event will the inadvertent or erroneous production, disclosure, or transmission of Privileged Material form the basis for a claim that the material is not so protected.

    b. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the disclosing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with the appropriate rules of court.

    c. Nothing herein restricts the right of the receiving party to challenge the disclosing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

9

  d. In the event that a party discovers that it inadvertently produced Confidential Information or Highly Confidential Information without stamping the required legend, the producing party must contact the receiving party and inform the receiving party or parties in writing of the inadvertent production and the specific material at issue. Such inadvertent or unintentional disclosure will not be deemed a waiver in whole or in part of the producing party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter. Upon receipt of such notice, the receiving party or parties will mark the documents and all copies, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY," as appropriate, at the expense of the Producing Party and treat the document as a Stamped Confidential or Highly Confidential Document under the terms of this Protective Order. Notice of inadvertent or erroneous disclosure will be deemed to apply to all copies of the document disclosed. Each receiving party must further notify every person or organization that received copies of or access to the material identified in the notice that such material contains Confidential Information.

15. Non-waiver of objections: Neither this Order nor any of the procedures described above affects or constitutes a waiver of any party's right to object to the relevancy, admissibility, or discoverability of any information or document or to seek an order that discovery or admissibility be had only subject to appropriate limits or restrictions, as provided by the Federal Rules of Civil Procedure, this Court's local rules or individual practices, or other applicable rules or law.

16. This Order shall continue to be binding after the conclusion of this Action and all subsequent proceedings arising from this Action. The Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulated Protective Order, even after the action is terminated.

17. Within sixty (60) days after the settlement or final judgment of this Action (including all appeals, if any), counsel for all Parties shall destroy or return all Information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only." In the event that a Party chooses to destroy physical Documents, such Party shall certify in writing that it has destroyed such physical documents. Unless otherwise ordered by the Court, counsel may retain: (a) copies of pleadings or other papers that have been filed with the Court and that contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information; (b) their work product; and (c) official transcripts and exhibits thereto. The terms and provisions of this Order will continue to apply to any such materials retained by counsel.

18. In order to permit discovery to proceed without delay, the Parties agree that this Order shall be effective from the date on which it is executed by counsel for the Parties and shall apply and be enforceable from that date forward with respect to all future discovery in this matter.

19. The undersigned hereby consent to the entry of the foregoing Order:

GIBNEY, ANTHONY & FLAHERTY, LLP  
Attorneys for Plaintiff

By: *John Macaluso*  
John Macaluso  
Dated: 6/15/23

NORRIS McLAUGHLIN, P.A.  
Attorneys for Defendants,

By: *Danielle DeFilippis*  
Danielle DeFilippis  
Dated: 6/15/2023

So ordered. *[signature]*  
6/16/23

11

## Exhibit A

# DECLARATION TO ABIDE BY THE TERMS OF THE STIPULATED PROTECTIVE ORDER

1. My name is _____

I live at _____

I am employed as (state position) _____

by (state name and address of employer) _____

2. I have received a copy of the Stipulated Protective Order in this Action. I have carefully read and understand the provisions of the Stipulated Protective Order.

3. I agree to be bound by the terms of the Stipulated Protective Order and agree to use information, designated as Confidential Information provided to me only for the purpose of this matter.

4. I understand that my failure to abide by the terms of the Stipulated Protective Order may be punishable by contempt of court and may subject me, without limitation, to a civil lawsuit.

5. I hereby submit to the personal and subject matter jurisdiction of the Federal District Court for the Southern District of New York for the purpose of enforcement of the Stipulated Protective Order.

6. I declare under penalty of perjury that the foregoing is true and correct.

7. I make this declaration this day of _____, 2023.

Signed: